UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND, | No. 2:13-cv-0859 GEB GGH P |
| Petitioner, | |
| v. | ORDER |
| AUDREY KING, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se with a habeas corpus petition, has filed a document styled, "motion: subpoena to call expert witness against Mr. Townsend to explain function of psychotropic medication and it[]s proper effects; which Dr. Gill does not know." The filing contains allegations exclusively pertaining to the conditions of petitioner's confinement, such as prison authorities forcing him to take psychotropic medication, garbage accumulation in the cell, and lack of water in the cell, to name a few examples.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

1  Muhammad v. Close, 540 U.S.749, 750, 124 S. Ct. 1303, 1304 (2004) (per curiam).

2     The complaints raised in the instant motion pertain to the conditions of petitioner's
3  confinement and are not related to his current habeas petition.  Therefore, petitioner is advised
4  that if he intends to proceed with such allegations, he must open a new civil rights action by filing
5  a complaint.

6     Accordingly, IT IS HEREBY ORDERED that: Petitioner's motion, filed June 30, 2014,
7  (ECF No. 31), is denied.

8  Dated: July 7, 2014

9              /s/ Gregory G. Hollows
10             UNITED STATES MAGISTRATE JUDGE

14  GGH:076/Town0859.cr